[Nos. 25480-1-III; 25481-0-III. Division Three. September 11, 2007.]

*In the Matter of the Personal Restraint of* CHARLES LEON WHEELER, *Petitioner.*

*Janet G. Gemberling* and *Julia A. Dooris* (of *Gemberling & Dooris, PS*), for petitioner.

*Robert M. McKenna, Attorney General,* and *John S. Blonien* and *Alex A. Kostin, Assistants,* for respondent.

¶1 STEPHENS, J. — Charles Leon Wheeler seeks relief from personal restraint imposed following his guilty pleas for one count of first degree possession of stolen property, one count of second degree malicious mischief, and one count of second degree theft. He contends that he was denied due process when the Department of Corrections (DOC) reassessed his risk classification without providing him with notice and an opportunity to be heard, placing him in a risk category that made him ineligible to earn early release. We grant Mr. Wheeler's personal restraint petitions.[1]

---

[1] Because Mr. Wheeler seeks relief from two concurrent sentences, his personal restraint petitions were given separate case numbers and consolidated.

## FACTS

¶2 In 2004, Mr. Wheeler pleaded guilty to one count of first degree possession of stolen property, one count of second degree malicious mischief, and one count of second degree theft. The trial court sentenced him to incarceration for 57 months on the possession of stolen property conviction and 29 months on the malicious mischief and second degree theft convictions. The sentences were ordered to run concurrently.

¶3 At the time of his pleas, Mr. Wheeler stated that he believed he would be eligible for 50 percent earned early release under Senate Bill 5990, now codified at RCW 9.94A-.728(1)(b). This statute allows an offender whom DOC classifies in one of the two lowest risk categories to qualify for earned early release at 50 percent of the sentence. Whether an offender is classified in the two lowest risk categories depends on his criminal history and DOC's risk assessment. There are four classification levels: RM-A, RM-B, RM-C, and RM-D. Only those offenders whose DOC scores place them in RM-C or RM-D qualify to earn early release at 50 percent. *In re Pers. Restraint of Adams*, 132 Wn. App. 640, 644, 134 P.3d 1176 (2006). DOC's initial risk assessment, conducted in March 2005, placed Mr. Wheeler in risk category RM-C, making him eligible for 50 percent earned early release. Subsequent risk assessments conducted in April 2005, however, placed Mr. Wheeler in risk category RM-B, rendering him ineligible.

¶4 On September 11, 2006, Mr. Wheeler filed a pro se personal restraint petition (PRP) objecting to DOC's determination that he was ineligible for 50 percent earned early release credit. DOC responded that Mr. Wheeler's 2001 conviction for attempted residential burglary and his risk assessment score rendered him ineligible to receive 50 percent earned early release. Mr. Wheeler filed a pro se reply brief.

¶5 On December 6, we appointed counsel to assist Mr. Wheeler in addressing whether his prior conviction for

attempted residential burglary made him ineligible for 50 percent earned early release under RCW 9.94A.728. Through counsel, Mr. Wheeler filed a supplemental brief, arguing that RCW 9.94A.728 did not preclude earned early release for a conviction of *attempted* residential burglary. In reply, DOC agreed.

¶6 We then requested clarification from DOC as to whether Mr. Wheeler's risk status was always category RM-B, making him ineligible for 50 percent earned early release. In response, DOC filed a second supplemental brief acknowledging that Mr. Wheeler's initial risk assessment placed him in category RM-C, making him eligible for 50 percent earned early release, but subsequent assessments determined him to be in category RM-B and thus ineligible.[2]

¶7 On May 30, 2007, we ordered Mr. Wheeler's release pending resolution of his PRPs, on conditions to be determined by the trial court. On June 15, the trial court released Mr. Wheeler from incarceration.

## ANALYSIS

■ ¶8 The issue is whether Mr. Wheeler's due process rights were violated when DOC denied him 50 percent earned early release credit based on its reassessment of his risk category. Because Mr. Wheeler's PRP challenges a decision from which he had "no previous or alternative avenue for obtaining state judicial review," RAP 16.4 requires that he show he has been unlawfully restrained. *In re Pers. Restraint of Liptrap*, 127 Wn. App. 463, 469, 111 P.3d 1227 (2005). A restraint is unlawful if the challenged action of DOC is unconstitutional or violates the laws of the state of Washington. *Id.*

■ ¶9 Mr. Wheeler first argues DOC erred by determining he was ineligible for 50 percent earned early release

---

[2] In February 2007, DOC also conducted an audit of Mr. Wheeler's risk assessment, which agreed with the RM-B classification.

under RCW 9.94A.728 based on his 2001 conviction for attempted residential burglary. We agree. RCW 9.94A-.728(1)(b)(ii)(C) states in relevant part:

> An offender is qualified to earn up to fifty percent of aggregate earned release time under this subsection (1)(b) if he or she:
>
> . . . .
>
> (C) Has no prior conviction for:
>
> (I) A sex offense;
>
> (II) A violent offense;
>
> (III) A crime against persons as defined in RCW 9.94A.411;
>
> (IV) A felony that is domestic violence as defined in RCW 10.99.020;
>
> (V) A violation of RCW 9A.52.025 (residential burglary);
>
> (VI) A violation of, or an attempt, solicitation, or conspiracy to violate, RCW 69.50.401 by manufacture or delivery or possession with intent to deliver methamphetamine; or
>
> (VII) A violation of, or an attempt, solicitation, or conspiracy to violate, RCW 69.50.406 (delivery of a controlled substance to a minor).

¶10 Under a plain reading of the statute, *attempted* residential burglary is not a disqualifying conviction. Indeed, DOC now concedes this point, relying solely on Mr. Wheeler's risk assessment category as rendering him ineligible for earned early release under the statute.

¶11 It is undisputed that Mr. Wheeler's initial classification in risk category RM-C qualified him to earn up to 50 percent early release time. *See* RCW 9.94A.728(1)(b)(ii)(A). He contends that DOC violated his due process rights by reassessing his risk category to RM-B, rendering him ineligible, without providing him notice and an opportunity to object to the reassessment. He relies on *Adams*, 132 Wn. App. 640.

¶12 When DOC reassesses an offender's risk category, "minimum due process requires written notice of the reasons DOC is seeking to change [the offender's] classification and an opportunity to challenge the facts DOC relied on from his files to reach that decision." *Id.* at 653.

¶13 Here, as in *Adams*, when DOC completed its first risk assessment of Mr. Wheeler in March 2005, it placed him in risk category RM-C. This classification would have made him eligible for earned early release under RCW 9.94A.728(1)(b). Four subsequent DOC assessments in April 2005, however, placed him in the RM-B category. There is nothing in the limited record before us to indicate that Mr. Wheeler was given notice of the reasons behind DOC's decision to change his classification from RM-C to RM-B, making him ineligible for 50 percent earned early release, or that he had an opportunity to challenge the facts relied upon by DOC to reach its decision. This violated Mr. Wheeler's Fourteenth Amendment right to due process. *Adams*, 132 Wn. App. at 649-53.

 ¶14 DOC maintains that the due process analysis of *Adams* is inapplicable, because the assessments in this case occurred prior to the decision in *Adams*. Although *Adams* does not discuss whether the rule it sets forth is to be applied retroactively, "[c]onstitutional holdings relating to the fact-finding process and its integrity and reliability are generally given retroactive application." *In re Pers. Restraint of Haverty*, 94 Wn.2d 621, 625, 618 P.2d 1011 (1980). The minimal due process requirements of *Adams* guarantee that DOC decisions on an offender's risk assessment score be made on an accurate factual basis. *See id.* at 625-26; *Adams*, 132 Wn. App. at 653. This is exactly the type of situation traditionally afforded retroactive application. *Haverty*, 94 Wn.2d at 626.

## CONCLUSION

¶15 Mr. Wheeler was not given notice or an opportunity to challenge DOC's decision to change his risk assessment category to make him ineligible for 50 percent earned early release. Under *Adams*, 132 Wn. App. at 649-53, this violated Mr. Wheeler's due process rights. The court in *Adams* did not address the appropriate remedy because the issue was moot, Mr. Adams's release date having passed. *See* 132

Wn. App. at 644 n.1. The remedy is clear, however, from the court's reasoning: "[B]efore DOC cancels the release date for an inmate who DOC previously determined was eligible for early release under RCW 9.94A.728(1)(b), the inmate is entitled to minimal due process including notice and the opportunity to address any erroneous information that was the basis for the decision." *Id*. at 643-44. We therefore grant Mr. Wheeler's personal restraint petition and remand for further action by DOC in compliance with Mr. Wheeler's due process rights.

SCHULTHEIS, A.C.J., and KULIK, J., concur.